## JOHN A. BACICH v. TRANSAMERICA INSURANCE COMPANY.
## TRI-STATE MUTUAL INSURANCE COMPANY, THIRD-PARTY DEFENDANT.

208 N. W. 2d 868.

June 15, 1973—No. 44069.

*Dudley, Smith & Belisle, G. William Smith,* and *J. C. Cottingham,* for appellant.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Mary Jeanne Coyne,* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gillespie, JJ.

PER CURIAM.

The issue raised on this appeal is whether an insured has waived his statutory right to 10 days' written notice of cancellation of an oral binder for fire insurance coverage. The trial court held that the binder was not effectively canceled and we affirm.

On May 27, 1969, John Bacich, the insured, obtained from his agent, Paul Deaven, oral binders of fire insurance on property he owned at 2401-3 Washington Avenue North in Minneapolis. One insurer was Transamerica Insurance Company and one was

Tri-State Mutual Insurance Company. Each binder was for $10,000. Late in the afternoon on June 4, Tri-State advised Deaven that it would not insure the building. Deaven immediately informed Bacich who accepted the decision without argument and discussed the cost of the insurance furnished by Transamerica. At trial, he explained his attitude by saying, "Well, I don't believe I have any recourse." It is the contention of Tri-State that Bacich's conduct constitutes consent and a waiver which forecloses recovery.

In the early hours of June 5, the property at 2401-3 Washington Avenue North was damaged by fire, resulting in a loss of $6,303.81, half of which has been paid to Bacich by Transamerica. The real parties in interest in this litigation are Transamerica and Tri-State. The issue is whether Tri-State is liable for half of the loss or whether Transamerica is liable for all of it.

Minn. St. 65A.03 provides as follows:

"Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the terms of such standard fire insurance policy and all such applicable endorsements as may be designated in such contract of temporary insurance; except that the cancellation clause of such standard fire insurance policy and the clause specifying the hour of the day at which the insurance shall commence, may be superseded by the express terms of such contract of temporary insurance."

The standard policy required under § 65A.01, subd. 3, includes the following provision:

"* * * This policy may be cancelled at any time by this company by giving to the insured a ten days' written notice of cancellation * * *."

The trial court rejected the contention of Tri-State that Bacich consented to the cancellation, and we concur in that conclusion. At most, Bacich's reaction was one of resignation based on the belief that he had no alternative but to accept the cancellation.

There is no claim that he was aware of his statutory right to 10 days' written notice. Consequently, his conduct was not a voluntary relinquishment of a known right necessary to constitute a valid waiver. Beck v. Spindler, 256 Minn. 543, 564, 99 N. W. 2d 670, 684 (1959).

The purpose of the statute quite obviously is to give the insured a reasonable time within which to secure other coverage. It is inconceivable that had Bacich known his rights he would have consented to remain uninsured if, by refusing to consent, he would have had ample time to secure other coverage.

Affirmed.